UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jason Stadler,                                                                                      Civil No. 08-3295 (DWF/SER)

             Plaintiff,

v.                                                                                                              **ORDER**

Pfizer Inc.; Parke-Davis, *a division of
Warner-Lambert Company and
Warner-Lambert Company LLC*;
Warner-Lambert Company; and
Warner-Lambert Company LLC,

             Defendants.

---

Jason Stadler, *Pro Se*, Plaintiff.

Jennifer Y. Dukart, Esq., Joseph M. Price, Esq., and Steven J. Ellison, Esq., Faegre, Baker, Daniels LLP, counsel for Defendants.

---

## INTRODUCTION

This is one of many product-liability actions filed in the District of Minnesota related to injuries allegedly caused by the ingestion of the drug Neurontin. Plaintiff Jason Stadler filed this action against Pfizer Inc., Parke-Davis, Warner-Lambert Company, and Warner-Lambert Company LLC. This case was originally consolidated into a multi-district litigation but has since been remanded. After remand, the Court issued an Order requiring the parties to brief the propriety of a transfer under 28 U.S.C. § 1404, given that it appears that the case lacks any discernable connection to Minnesota and that

a transfer would likely promote the interest of justice. (Doc. No. 12.) Defendants now request transfer to the Eastern District of Pennsylvania. (Doc. No. 13.) Plaintiff, now *pro se*, does not oppose transfer from the District of Minnesota and echoes Defendants' request. (Doc. No. 14.) For the reasons stated below, the Court transfers this case to the Eastern District of Pennsylvania.

## BACKGROUND

Plaintiff is a resident of the State of Pennsylvania. (Doc. No. 14.) Plaintiff alleges that Defendant Pfizer Inc. is a Delaware corporation with its principal place of business in New York. (Compl. ¶ 3.) Defendant Parke-Davis is a Michigan corporation with its principal place of business in New Jersey. (*Id.* ¶ 6.) Defendant Warner-Lambert Company is a Delaware corporation with its principal place of business in New Jersey. (*Id.* ¶ 9.) Defendant Warner-Lambert Company LLC is a Delaware Limited Liability Company with its principal place of business in New Jersey. (*Id.* ¶ 14.)

According to the Complaint, Plaintiff was prescribed and ingested Neurontin for the treatment of his migraine headaches.[1] (*Id.* ¶ 120.) Plaintiff alleges that his physician prescribed Neurontin based on Defendants' marketing and promotion of Neurontin as safe and effective for the treatment of migraines, despite the fact that Neurontin had not been approved by the Food and Drug Administration for the treatment of migraines. (*Id.* ¶¶ 106, 119.) Plaintiff contends that, on July 10, 2002, as a result of ingesting Neurontin, he unsuccessfully attempted to commit suicide, and thus sustained severe personal

---

[1] The Complaint does not specify the dates or period of time in which Plaintiff was prescribed and ingested Neurontin.

injuries.  (*Id.* ¶ 123.)  Plaintiff asserts claims of negligence, breach of warranty, strict products liability, fraudulent misrepresentation, and violation of the Pennsylvania Consumer Fraud Act.  (*Id.* ¶¶ 125-225.)  Plaintiff maintains that Defendants marketed and sold Neurontin, which he ingested.  (*Id.* ¶¶ 69-92.)

It appears to the Court that Plaintiff resided in the State of Pennsylvania when he ingested Neurontin, when he attempted to commit suicide, and when he filed the present lawsuit.  (*Id.* ¶ 2.)  Plaintiff's treating and prescribing physicians, who may be called as witnesses, also reside in Pennsylvania.  (Doc. No. 13 at 4-5.)

### DISCUSSION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  When deciding a motion to transfer pursuant to § 1404(a), the Court must consider the convenience of the parties, the convenience of the witnesses, and the interest of justice.  *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  In considering these factors, the Court must make a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors."  *Id*.  The burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant."  *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (quotation omitted).

The Court first concludes that this action "might have been brought" in the Eastern District of Pennsylvania.  28 U.S.C. § 1404(a).  An action may be brought in any district where a "substantial part of the events or omissions giving rise to the claim occurred."

3

28 U.S.C. § 1391(b)(2).  Here, a substantial part of the events giving rise to Plaintiff's claim appear to have occurred in Pennsylvania.  For example, it appears that Plaintiff was prescribed and ingested Neurontin while living in Pennsylvania, and that he attempted suicide and was treated for resulting injuries in Pennsylvania.

The Court also concludes that the convenience of the parties and witnesses favor transfer to Pennsylvania.  Here, neither Plaintiff nor Defendants reside in Minnesota.  Nor has Plaintiff alleged any other connection with the State.  Moreover, the underlying facts related to Plaintiff's ingestion of Neurontin and attempted suicide appear to have occurred largely, if not wholly, in Pennsylvania.  The Court notes that medical personnel involved in Plaintiff's care presumably still reside and presumably practice in Pennsylvania.  Thus, medical witnesses are located in Pennsylvania.

In addition, other critical witnesses in this action will include experts and company witnesses.  While many of these witnesses reside outside of Pennsylvania, there is no evidence that any reside in Minnesota.  Therefore, these witnesses will be required to travel whether the trial is in Minnesota or Pennsylvania.  Defendants' principal places of business, however, are mainly located on the East Coast, making Pennsylvania a closer and more convenient forum than Minnesota.

The Court must also evaluate what venue will best promote the interest of justice. *Graff*, 33 F. Supp. 2d at 1122.  This factor is weighed "very heavily." *Id.*  A number of relevant considerations include judicial economy, the plaintiff's choice of forum, the costs of litigating in each forum, obstacles to a fair trial, choice-of-law issues, and the advantages of having a local court determine questions of local law.  *See Terra Int'l,* 119

F.3d at 696. Here, Plaintiff's choice of forum is given less protection since Plaintiff does not reside in Minnesota, does not have any connection to Minnesota, and because the events underlying this action did not occur in Minnesota. *See Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999). Moreover, Plaintiff has consented to the transfer of this action. (Doc. No. 14.) Plaintiff acknowledges that this action was filed in Minnesota by counsel, but without his understanding of the reasons for selecting this forum. (*Id.*) The Court notes, however, that because Plaintiff filed this action in Minnesota, the Minnesota statute of limitations will continue to govern in the transferee court so long as Plaintiff is entitled to the benefit of the statute of limitations under Minnesota's choice-of-law rules. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (holding that a transfer under § 1404(a) does not change the applicable law in a case founded on diversity jurisdiction).

The remaining considerations with respect to the interest of justice weigh in favor of transfer. For example, the substantive law of another state likely applies to Plaintiff's claims, and the State of Pennsylvania has an interest in determining questions of local law and in protecting the rights of an individual who was injured in that state.

Based on the above, the Court concludes that the interest of justice strongly favors the transfer of this action to the Eastern District of Pennsylvania.

**ORDER**

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. This action is transferred to the United States District Court for the Eastern District of Pennsylvania.

    2.       The Clerk of Court is directed to effect the transfer.

Dated:  March 2, 2012                      s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    United States District Judge